UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL DEANDRADE,

                Petitioner,

    v.

UNITED STATES,

                Respondent.

11 Civ. 3233 (LBS)

**MEMORANDUM & ORDER**

SAND, J.

      Petitioner Daniel Deandrade was found guilty after a 2008 jury trial of conspiracy to distribute or possess with intent to distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 846 and distribution and possession with intent to distribute 50 grams or more of crack in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). This Court sentenced Deandrade to two concurrent terms of 300 months imprisonment, followed by ten years of supervised release. In 2010, the United States Court of Appeals for the Second Circuit rejected Deandrade's direct appeal, and Deandrade now moves *pro se* to vacate his sentence pursuant to 28 U.S.C. §2255.

      Deandrade's motion raises five grounds for relief.[1] First, that he was denied the opportunity for a preliminary hearing, as required by Federal Rule of Criminal Procedure 5.1(a). Second, that the warrant for his arrest violated the Fourth Amendment for lack of probable cause. Third, that his prosecution was time barred. Fourth, that counsel was ineffective for failing to raise the foregoing arguments.

---

[1] After Deandrade submitted the motion to vacate his sentence and after the government responded, Deandrade submitted a "Supplemental Motion" along with his reply to the government's response. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we are not permitted to consider the merits of Deandrade's Supplemental Motion because AEDPA requires that a second or successive habeas corpus application be filed directly with the appropriate circuit court. *See Haouari v. United States*, 510 F.3d 350, 352 (2d Cir. 2007).

1

As is required for litigants appearing *pro se*, this court interprets Deandrade's papers to "raise the strongest arguments that they suggest." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003). For the reasons stated below, however, Deandrade's motion to vacate his sentence is denied.

I.

Deandrade alleges, first, that he was improperly denied a preliminary hearing–which, he emphasizes, he did not waive. Pet'r's Mot. at 1. Federal Rule of Criminal Procedure 5(a) requires that, for non-petty offenses, a magistrate judge must conduct a preliminary hearing. However, if the defendant is indicted, the rule no longer applies. Fed. R. Crim. P. 5.1(a)(2). Deandrade's indictment on January 8, 2007 thus dispensed with the need for a preliminary hearing, and Deandrade's argument that he was improperly denied a preliminary hearing must fail.

Deandrade argues, second, that his arrest warrant lacked probable cause in violation of the Fourth Amendment. This claim is procedurally barred. "It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." *United States v. Pitcher*, 559 F.3d 120, 123 (2d Cir. 2009) (internal citation and quotation marks omitted). On direct appeal to the Second Circuit, Deandrade argued that "the government lacked probable cause for his arrest." *United States v. Deandrade*, 600 F.3d 115, 120 (2d Cir. 2010). The Second Circuit denied his claim as "without merit." *Id.* at 121. Having unsuccessfully raised the identical claim on direct appeal, Deandrade is barred from doing so again here.

Deandrade claims, third, that the government failed to prosecute him within the statute of limitations period. Pursuant to 18 U.S.C. § 3282(a), the statute of limitations for a non-capital offense is five years, which means that indictment must occur within five years of the offense or

not at all. Deandrade was indicted on January 8, 2007, which means that the statute of limitations period extended back to January 8, 2002. The government's case, consisting of Deadrade's post-arrest statement as well as testimony from three cooperating witnesses, showed that Deandrade was engaged in the manufacture and sale of crack-cocaine for two drug distribution rings between 2002 and 2006, a period of time that falls within the statute of limitations. Tr. 186, 200–201, 214–216, 296–298. Deandrade's third claim is without merit.

Last, Deandrade claims that he was deprived of his right to effective assistance of counsel because his attorney failed to raise the arguments above. Deandrade's ineffective assistance of counsel claim can be rejected based on the above discussion, since an attorney's "[f]ailure to make a meritless argument does not amount to ineffective assistance." *United States v. Arena*, 180 F.3d 380, 396 (2nd Cir. 1999).

II.

For the reasons stated above, defendant's motion to vacate his sentence is DENIED.

SO ORDERED.

Dated: September 19, 2011
New York, NY

_____
U.S.D.J.

3