UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                  Plaintiff,

 -against-

DANIEL DEANDRADE,

                  Defendant.

No. 07 Cr. 12 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Daniel Deandrade's request for a sentence reduction under Section 404 of the First Step Act ("FSA"). He also argues that he is eligible for a sentence reduction under 18 U.S.C. Section 3582(c)(2) due to the retroactive application of Amendments 750 and 782 to the Sentencing Guidelines. For the reasons set forth below, the request is denied.

    I.   BACKGROUND

    Defendant was convicted after trial of conspiracy to distribute 50 grams or more of crack cocaine and distribution and possession with intent to distribute crack cocaine. At sentencing, Judge Sand agreed with the Probation Department that the offense involved between 78 and 312 kilograms of crack. Defendant was in Criminal History Category V resulting from an uninterrupted course of criminal conduct beginning when he was fifteen years old and continuing until his arrest in this case

1

when he was in his early thirties.  Indeed, Judge Sand previously noted at sentencing that "the defendant's criminal history go[es] back to age 15 . . . .  [But] for about ten months in 1998 . . . [essentially] other than being incarcerated, Mr. Deandrade was engaged in drug trafficking."

Defendant's Sentencing Guidelines range was 360 months to life.  This range was based on a calculated Total Offense Level of 42 and a determination that Defendant was in Criminal History Category V.  Judge Sand, however, imposed a below-guidelines sentence of 300 months.  In doing so, he noted that the sentence was being imposed "without regard to the mandatory minimum."  <u>See</u> <u>United States v. Deandrade</u>, 600 F.3d 115, 120 (2d Cir. 2010); <u>see</u> <u>also</u> <u>id.</u> (noting that the 300-month sentence imposed was "unaffected by" any mandatory minimum.)  The Court of Appeals affirmed the conviction and the sentence.

Defendant has moved twice previously for a sentence reduction under Section 3582(c)(2), and both motions were denied based on ineligibility.  (<u>See</u> dkt. nos. 89, 95.).  Defendant has been incarcerated since November of 2006 with a projected release date of May 2028.  While incarcerated, Defendant was involved in one violent incident involving an assault on an officer without serious injury in 2012.

II.  <u>DISCUSSION</u>

The parties spend much time arguing about whether Defendant is eligible for sentence reduction under the First Step Act, and their disagreement stems from their opposing arguments about whether eligibility is to be determined by the charged offense or the actual conduct upon which the conviction is based.  The Court of Appeals has not resolved this disagreement.   Section 404(c) of the FSA, however, provides that "[n]othing in this Section shall be construed to require a court to reduce any sentence pursuant to this Section."  Because the Court finds that resentencing is not warranted here in any event, the Court need not resolve the issue of whether eligibility is to be based on the charged offense or the offense conduct.  <u>See, e.g.</u>, <u>United States v. Williams</u>, No. 00 Cr. 1008 (NRB), 2019 WL 5791747, at *4 (S.D.N.Y Oct. 17, 2019). ("The Second Circuit has yet to weigh in on the dueling interpretations of the First Step Act, and we need not resolve the issue here because even if Williams were eligible for a sentence reduction under the First Step Act, it would not be warranted in this case.")

Defendant's guidelines range remains 360 months to life— exactly the range that applied when Judge Sand imposed the below-guidelines sentence of 300 months.  Defendant's high guidelines range reflects the seriousness of his criminal conduct and his

significant criminal history.  With respect to the conduct and as set out in his Presentence Report, Defendant was involved in two crack distribution rings, one in Utica, New York (2001-2003), and one in the Bronx (1999-2005).  As noted above, Judge Sand found that Defendant's offense conduct involved 78-312 kilograms of crack.  With respect to Defendant's criminal history, Defendant amassed enough criminal history points to land in Criminal History Category V.  And, as Judge Sand noted at sentencing, Defendant's drug dealing began when he was fifteen and continued virtually uninterrupted until he was arrested on this matter in his early thirties.

The seriousness of this Defendant's crime and the length and seriousness of his criminal history counsel against any reduction in sentence.  Defendant engaged in drug dealing on a massive scale in two cities over an extended period of time, wreaking untold damage on those communities.  That activity was apparently his only activity from age fifteen, and he earned his way into Criminal History Category V fairly and squarely by committing crimes over the course of nearly two decades.  Accordingly, the Court finds that Defendant's release would pose a danger to the community.[1]  Consequently, Defendant's request for a sentence

---

[1] That Defendant was involved in a violent incident involving an assault on a correction officer as recently as 2012 confirms this conclusion.

reduction under Section 404 of the FSA is denied.

Defendant also argues that he is eligible for a sentence reduction under 18 U.S.C. Section 3582(c)(2) based on retroactive application of Amendments 750 and 782. As the Court concluded on Defendant's prior requests for sentence reduction, he remains ineligible for a reduction in sentence on this basis.

Under 18 U.S.C. § 3582(c)(2), the Court, "after considering the factors set forth in Section 3553(a)," may reduce a term of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The statute "establishes a two- step inquiry." Dillon v. United States, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized," id. at 827, and § 1B1.10 in turn requires the court to "determine the amended guidelines range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced" holding all else constant, U.S.S.G. § 1B1.10(b)(1). See Williams, 2019 WL 5791747, at *2.

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction ... is warranted in whole or in

5

part under the particular circumstances of the case." <u>Dillon</u>, 560 U.S. at 827. However, the Court should reach step two "[i]f, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10." <u>United States v. Mock</u>, 612 F.3d 133, 134 (2d Cir. 2010).

Defendant's application fails at the first step of the <u>Dillon</u> inquiry. Amendment 782, in relevant part, increased the amount of crack required to trigger a base offense level of 38 from 1.5 kilograms to 25.2 kilograms. <u>See</u> U.S.S.G. Supp. to App. C at 64-74. The Court's finding at sentencing that Defendant's offense involved between 78 and 312 kilograms of crack exceeds this threshold.

Similarly, "[a] sentence reduction under Amendment 750 is authorized only if it would have the effect of lowering a defendant's applicable guideline range." <u>United States v. Royal</u>, No. 08 CR 698 DC, 2012 WL 527429, at *2 (S.D.N.Y. Feb. 17, 2012) (citing 18 U.S.C. § 3582(c)(2)). Amendment 750 established a base offense level of 38 for an offense involving 8.4 kilograms of crack or more. <u>See</u> U.S.S.G. § 2D1.1(c)(1); <u>Eubanks v. United States</u>, No. 92 CR. 0392 (LAP), 2017 WL 2303671, at *2 (S.D.N.Y. May 9, 2017). Again, Defendant's offense conduct involved more than 8.4 kilograms of crack, meaning that his applicable guidelines range is unaffected. (<u>See</u> 2012 Supp. PSR at 2.)

6

Accordingly, Defendant's request for a sentence reduction under 18 U.S.C. Section 3582(c)(2) and Amendments 750 and 782 to the Guidelines is denied.

III. <u>CONCLUSION</u>

For the reasons detailed above, Defendant's motion to reduce his sentence pursuant to 18 U.S.C. Section 3582(c)(2) [dkt. no. 93] is denied.

**SO ORDERED.**

Dated:    New York, New York
          May 11, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge