UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,                    07 Cr. 12 (LAP)

-against-

DANIEL DEANDRADE,                                 ORDER

                    Defendant.

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

     Before the Court is Defendant Daniel Deandrade's motion
(dkt. no. 108) pursuant to 18 U.S.C. § 3582(c)(1)(A) for
compassionate release based on the Covid-19 pandemic.  For the
reasons set out below, the motion is denied.

**I.   Background**

     Defendant was involved in two multi-kilogram crack
distribution rings, one in Utica, New York, and the other along
Stratford Avenue in the Bronx, throughout the early 2000s.  He
both manufactured--or "cooked"--crack and facilitated its
distribution.  From 2001 to 2003, Defendant acquired cocaine,
manufactured crack, and supplied it to street level drug
dealers, who sold it on the streets of Utica.  (Presentence
Investigation Report ("PSR"), dated June 18, 2008 ¶¶ 7-11.)  In
total, Defendant supplied approximately 10 to 20 kilograms of
crack to the Utica drug dealers, who sold approximately 500 to
1000 grams of crack per week.  (Id. ¶¶ 10-11.)  In addition, and

1

for many years simultaneously with his Utica narcotics trafficking, from 1999 through 2005, Defendant effectively "ran the crack business" on Stratford Avenue in the Bronx, facilitating the distribution of crack at a rate of approximately 250 grams to one kilogram of crack per week.  (Id. ¶ 12.)  In total, Defendant sold between 78 and 312 kilograms of crack on Stratford Avenue. (Id. ¶ 12.)

Indictment 07 Cr. 12 (LTS) (the "Indictment") was filed on January 8, 2007, charging Defendant in two counts.  Count One charged Defendant with conspiracy to distribute and possess with intent to distribute 50 grams and more of cocaine base, in a form commonly known as "crack," in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846.  Count Two charged Defendant with distribution and possession with intent to distribute 50 grams and more of crack, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A).

On March 26, 2008, the Government filed a Prior Felony Information, charging that on or about December 21, 1990, in Bronx County Family Court, Defendant was convicted of criminal sale of a controlled substance in the fifth degree, a felony, for which he received a twelve month reformatory term of incarceration, thus triggering the enhancement penalties contained in 21 U.S.C. § 841(b)(1)(A). (See Prior Felony Information [dkt. no. 41].)

Defendant's trial began on April 14, 2008 and ended on April 17, 2008, when the jury found Defendant guilty of both counts of the Indictment.

On September 25, 2008, Judge Sand sentenced Defendant to a below-Guidelines sentence of 300 months' incarceration. Defendant's conviction and sentence were thereafter affirmed by the Court of Appeals.  United States v. Deandrade, 600 F.3d 115 (2d Cir. 2010).

Defendant's case was transferred to this Court on June 24, 2013.  (Order, dated June 21, 2013 [dkt. no. 76].)  Thereafter, Defendant, proceeding pro se, requested appointment of counsel to assist him in pursuing a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  (Letter from D. Deandrade, dated Apr. 29, 2015 [dkt. no. 88].)  Given that Defendant was ineligible for a reduction because the sentence imposed by Judge Sand was below the minimum term provided by the amended guidelines range, this Court disposed of that request with an order denying the sentence reduction.  (Order, dated Oct. 19, 2015 [dkt. No. 89].)  On May 2, 2016, Defendant again moved for a sentence reduction (Motion for Reduction of Sentence, dated Apr. 26, 2016 [dkt. no. 93]), which this Court again denied (Order, dated May 10, 2016 [dkt. no. 95]).

On September 16, 2019, Defendant filed a pro se motion seeking a reduced sentence under the FSA (Letter from D.

Deandrade, dated Sept. 16, 2019 [dkt. no. 96]), which the
Government opposed (Letter from M. Herman, dated Nov. 15, 2019
[dkt. no. 98]).  This Court appointed the Federal Defenders of
New York to represent Defendant, and Defendant, through counsel,
filed a reply on December 20, 2019 (Letter from J. Brown, dated
Dec. 20, 2019 [dkt. no. 100].)  After a series of additional
letters, relating primarily to the weight this Court should give
to additional authority, on May 11, 2020, this Court denied
Defendant's motion in a written opinion.  United States v.
Deandrade, No. 07 CR. 12 (LAP), 2020 WL 2317093 (S.D.N.Y. May
11, 2020).  The Court of Appeals affirmed this Court's denial of
the motion on May 26, 2021.  See United States v. Deandrade, 848
F. App'x 471, 473 (2d Cir. 2021).

Defendant filed his motion for compassionate release in
this Court on January 21, 2021 (Motion ("Mot."), dated Jan. 8,
2021 [dkt. no. 108]); the Government opposed (Letter from M.
Herman ("Gov. Opp."), dated Feb. 12, 2021 [dkt. no. 110]); and
Defendant replied (Answer to Government Response, dated Feb. 26,
2021 [dkt. no. 111]).

Defendant's projected release date is May 2028.

## II.  Applicable Law

Under Section 3582, the Court only "may reduce the term of
imprisonment . . . after considering the factors set forth in
section 3553(a) to the extent that they are applicable, if it

finds that . . . extraordinary and compelling reasons warrant
such a reduction . . . and that such a reduction is consistent
with applicable policy statements issued by the Sentencing
Commission . . . ."  See 18 U.S.C. § 3582(c)(1)(A); see also 28
U.S.C. § 994(t) ("The Commission, in promulgating general policy
statements regarding the sentencing modification provisions in
section 3582(c)(1)(A) of title 18, shall describe what should be
considered extraordinary and compelling reasons for sentence
reduction, including the criteria to be applied and a list of
specific examples.").

     The relevant Sentencing Commission policy statement is
found in U.S.S.G. § 1B1.13.  That section provides that the
Court may reduce the term of imprisonment if "extraordinary and
compelling reasons warrant the reduction," id. § 1B1.13(1)(A);
"the Defendant is not a danger to the safety of any other person
or to the community, as provided in 18 U.S.C. § 3142(g)," id.
§ 1B1.13(2); and "the reduction is consistent with this policy
statement," id. § 1B1.13(3).

     The Application Notes describe the circumstances under
which "extraordinary and compelling reasons exist."  Id.
§ 1B1.13 Application Note 1.  Application Note 1 provides in
As the proponent of the motion, the Defendant bears the burden
of proving that "extraordinary and compelling reasons" exist.
See, e.g., United States v. Butler, 970 F.2d 1017, 1026 (2d Cir.

1992) ("A party with an affirmative goal and presumptive access
to proof on a given issue normally has the burden of proof as to
that issue."); United States v. Clarke, No. 09 Cr, 705 (LAP),
2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) ("[I]f the
Defendant seeks decreased punishment, he or she has the burden
of showing that the circumstances warrant that decrease."
(quoting Butler, 970 F.2d at 1026)); cf. United States v.
Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

## III. Discussion

The Court assumes without deciding that it has the
authority to decide Defendant's motion.

Defendant states that incarceration and the following
medical conditions place him at higher risk of severe illness
should he contract Covid-19: (1) he was stabbed; (2) he has an
artificial voice box; (3) he has had a tracheotomy that affects
his "breathing lung capacity;" and (4) he has a BMI of 30.
(Mot. at 2.)

Defendant's medical records, however, demonstrate that none
of these maladies places him at particular risk of severe
illness upon exposure to the virus.  (See Ex. B to Gov. Opp.
[dkt. no. 110-2]).  Defendant is 46 years old and in general
good health.  He was stabbed almost twenty years ago--in
2003.  Defendant has not reported any lingering effects of the

6

tracheotomy that was performed over fifteen years ago.  (Gov. Opp. at 6.)  Also, the records indicate that, in fact, Defendant's BMI at his last physical in November of 2020 was 28.6, well below the 30 that the CDC has identified as a risk factor for more severe outcomes from Covid-19.  (Id. at 6.)  In sum, none of the conditions Defendant relies on constitutes "severe and compelling circumstances warranting release," as required by the statute.

Even if Defendant had demonstrated "severe and compelling circumstances warranting release," the Court would not exercise its discretion to release him.  As the Court held in denying Defendant's motion for a sentence reduction under the First Step Act:

> The seriousness of this Defendant's crime and the length and seriousness of his criminal history counsel against any reduction in sentence. Defendant engaged in drug dealing on a massive scale in two cities over an extended period of time, wreaking untold damage on those communities. That activity was apparently his only activity from age fifteen, and he earned his way into Criminal History Category V fairly and squarely by committing crimes over the course of nearly two decades.

Accordingly, the Court finds that Defendant's release would pose a danger to the community.[1]

<u>Deandrade</u>, 2020 WL 2317093, at *2.  For the same reasons, the Court will not exercise its discretion to release Defendant at this time.

## IV.  Conclusion

Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (dkt. no. 108) is denied.

The Clerk of the Court shall mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:    New York, NY
          August 18, 2021

*Loretta A. Preska*
_____
Loretta A. Preska
Senior United States District Judge

---

[1] In its prior decision, the Court noted that Defendant had been involved in an assault on a corrections officer in 2012.  The Government has since re-evaluated Defendant's prison disciplinary record and concluded that the incident "actually involved an assault on another inmate, not an assault on a corrections officer."  (Gov. Opp. at 7 n. 5.)  Nevertheless, the incident still indicates that, even at age 46, this Defendant is not finished with violence.